LEVINE v. SPIEGEL.

(Supreme Court, Appellate Term, First Department. June 10, 1915.)

1. APPEAL AND ERROR ⬦⟹1005—REVIEW—VERDICT—WEIGHT OF EVIDENCE.
    Where there was some evidence to sustain a verdict, and the trial court refused to set it aside, it will not be disturbed, even if the appellate court would have reached a different conclusion, unless it is so clearly against the preponderance of the evidence as to indicate it rests on prejudice or mistake.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3948–3950; Dec. Dig. ⬦⟹1005.]

2. EVIDENCE ⬦⟹589—WEIGHT AND SUFFICIENCY—CREDIBILITY OF WITNESSES.
    Where the testimony of the two parties is so contradictory that one must have deliberately perjured himself, the jury is especially bound to consider, not only the appearance of the witnesses, but also the probabilities of the two stories and the corroborating evidence.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. ⬦⟹589.]

3. BILLS AND NOTES ⊗—518—ACTIONS—SUFFICIENCY OF EVIDENCE—CONSIDERATION.

In an action on notes, where the defense was that they were given for accommodation, while plaintiff testified that they were given as commission for securing a contract, a verdict for plaintiff held to be so clearly against the weight of the evidence as to show that the jury either disregarded the evidence or failed to understand its force.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1816–1820; Dec. Dig. ⊗—518.]

Appeal from City Court of New York, Trial Term.

Action by Benjamin A. Levine against Max Spiegel. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, J.

George Edwin Joseph, of New York City (Dennis O'L. Cohalan and George Edwin Joseph, both of New York City, of counsel), for appellant.

Samuel D. Matthews, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff is the payee of certain notes made and dated November 3, 1913, aggregating the sum of $5,000. The defendant admits that he signed the notes, but claims that he delivered them to the plaintiff upon plaintiff's agreement to discount them for the defendant's benefit. On the other hand, the plaintiff claims they were given in payment of commissions for obtaining a contract with the Theodore Starrett Company, though subsequently the defendant refused to enter into the contract.

The case was carefully tried in the court below, the learned trial justice submitted the question of fact to the jury in a full and fair charge, to which there was no exception, and the record disclosed no errors of law. The jury determined the question of fact in favor of the plaintiff, and the trial justice, after consideration of the evidence, refused to set aside the verdict. Ordinarily, of course, since there is some evidence to sustain the verdict, this court should not interfere with the determination of the jury, even though it might have arrived at a different conclusion if the question of fact had been submitted to it. In this case, however, it seems to me that the evidence so clearly preponderates in favor of the defendant that I am constrained to believe that the verdict does not rest upon a consideration of the testimony, but is founded upon prejudice or mistake.

[2] It appears very clearly that either the plaintiff or the defendant is deliberately perjuring himself in the testimony given at the trial. No charitable theory of mistake can cover the absolute contradictory statements of the transaction. Under these circumstances a jury is bound to consider, not only the demeanor of the witnesses, but also the probabilities of the stories, the corroboration of other witnesses, and above all any documents which have a bearing upon the transaction. The jury have the advantage of seeing and hearing the witnesses, and due weight should be given to this element. Upon all the other elements

entering into the weight of evidence, we have the same opportunity to pass as the jury, and where the record discloses a state of facts which can reasonably lead to only one conclusion we are bound to set aside a verdict which is not in accordance with that conclusion.

[3] In this case the plaintiff testifies distinctly that the notes were given to him as a commission, but his sole corroboration is upon the point that he had previously been promised a commission provided he procured a contract from the Theodore Starrett Company. On the other hand, even if this corroborating testimony be accepted as true, it is to be noted, firstly, that this contract never was actually consummated; and, secondly, that even though we give the correspondence and the clauses in the proposed contracts in regard to commissions the most favorable construction for the plaintiff, they show clearly the commissions were to be paid by a corporation rather than defendant personally, and by notes running without interest for years instead of months. On the other hand, not only is the defendant corroborated by his stenographer upon the main issue, but his strongest corroboration comes from two documents signed by the plaintiff. The first document is an affidavit made for the purpose of aiding the plaintiff to obtain a new trial in an action brought by a third party to whom plaintiff had transferred one of the series of notes given on November 3d. In that affidavit the plaintiff swore before a notary that the note was an "accommodation" note. The second document is a letter, signed shortly before the trial, embodying a suggestion for settlement in which the plaintiff again describes the series of notes as "accommodation" notes. If these admissions be true, obviously they show that plaintiff is not telling the truth upon the stand when he declares that the notes were given for value. These admissions are, of course, open to explanation, and the plaintiff's explanation is that when he signed these papers and swore to the affidavit he did not know that they contained such an admission. Such an explanation given by a business man dealing with another man, not only at arm's length, but under circumstances where, if his story be true, he had good reasons for distrust, is not one which should receive easy credence. In this case, when these documents are read in connection with the entire record, it seems to me quite impossible that a reasonable man could accept the explanation.

It follows that the jury, in arriving at a verdict in favor of the plaintiff, must have either disregarded the evidence or have failed to understand its force.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.