## KRAUSS v. McNAMEE.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

APPEAL AND ERROR ☞1003—REVIEW—EVIDENCE.

Where the record points to but one conclusion, a verdict not in accordance therewith will be set aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943 ; Dec. Dig. ☞1003.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Pauline Krauss against James L. McNamee. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Isador Goetz, of New York City, for appellant.

Max Steindler, of New York City, for respondent.

PER CURIAM. In September, 1914, there was due to the firm of Rudolph C. Blancke & Co. from Henry Krauss, the husband of this plaintiff, the sum of $447.50, for flour sold by them to Henry Krauss. Henry Krauss in 1910 was the owner of a building at 24 Avenue D, in this city, where he conducted the bakery business. The cellar of the building was the bakery, the ground floor was used for the sale of bread, etc., and the rooms above were used for living purposes. On October 1, 1914, the defendant, a city marshal, made a levy upon 27 bags of flour, then in the bakery, by virtue of an execution issued upon a judgment theretofore obtained by Blancke & Co. upon said claim. The flour was sold at public auction, and the plaintiff, claiming to be the owner, has recovered a judgment.

The undisputed testimony taken upon the trial shows that the plaintiff and her husband lived together, and that for the past 20 years

she had been helping her husband in his business. In 1913 the husband became financially embarrassed. He owed about $1,800. Actions were threatened. In April, 1913, he admitted his inability to pay, and obtained from the agent of Blancke & Co. further time to pay their bill. In that month he transferred the building aforesaid to his wife. For what consideration does not appear. After the transfer, she went to Europe in May, 1913, and did not return until the following September. In May, 1913, the husband claims that he transferred the going business to his stepson Samuel, without consideration. This son lived with Mr. and Mrs. Krauss as one of the family. Krauss claims that Samuel ran the business until the return of Mrs. Krauss, when he turned it over to her, also without consideration. This last transfer was in October or November, 1913. Up to the time of the levy, the telephone was carried in the name of Henry Krauss. At that time bills were found in the bakery for goods purchased by Henry. In September, 1913, Henry Krauss made and signed an application in his own name for a license to carry on the bakery, and this license was issued to him in January, 1914, and was conspicuously displayed in the store at the time of the levy. The business was at all times carried on in the same manner as before the transfers; Henry apparently running the business and buying the supplies as formerly. It is seldom possible to prove fraud, except by proving the facts and circumstances which constitute the fraud or which are attendant upon it. In determining whether or not fraud has been committed, every fact, circumstance, and incident may be taken into account; and although separate incidents, when taken alone, may not produce conviction as to the existence or nonexistence of the alleged fraud, yet, when all the circumstances combined produce that conviction, it is as legally established as though such conviction was created by the most positive evidence. "Where the record discloses a state of facts which can reasonably lead to only one conclusion, we are bound to set aside a verdict which is not in accordance with that conclusion." Levine v. Spiegel, 153 N. Y. Supp. 827, May Appellate term, 1915, not yet officially reported.

The testimony in this case points to but one conclusion, and there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.